# UNITED STATES DISTRICT COURT
for the
## Eastern District of Kentucky
## Lexington Division

| | | |
|---|---|---|
| Dede Stratton | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| J.C. Christensen & Associates, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     The Kentucky Secretary of State | ) | |
| | ) | |
| LVNV Funding, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
| Somerhill Capital | ) | |
|     Assumed name for | ) | |
|     Black Acre Enterprises, LLC | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Michael V. Brodarick | ) | |
|     11405 Park Road, Suite 200 | ) | |
|     P.O. Box 23200 | ) | |
|     Louisville, KY 40223-0200 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.   This is an action by a consumer seeking damages for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt

collectors from engaging in abusive, deceptive, and unfair collection practices.

2.     Defendant J.C. Christensen & Associates, Inc. ("JCC") sent Ms. Stratton a dunning letter on behalf Defendant LVNV Funding, LLC ("LVNV"). JCC's letter was attempt to collect a debt originated by RBS Citizens, N.A. JCC's letter notified Ms. Stratton that LVNV had selected her account for legal review and referral "to an attorney's office for potential legal action." But the statute of limitations on the RBS Citizens debt is a complete bar to any legal action to enforce the debt. Moreover, JCC and/or LVNV added statutory prejudgment interest to the debt that neither had a legal right to collect.

3.     Defendant Somerhill Capital ("Somerhill") filed suit against Ms. Stratton in Scott District Court and later obtained a summary judgment against her. Three days after the trial court entered the summary judgment, Ms. Stratton filed a motion under Ky. R. Civ. P. 59.05 to vacate the judgment, which rendered the judgment non-final. Despite plain notice of the Ky. Rule 59.05 motion, Somerhill filed a judgment lien on the non-final judgment on Ms. Stratton's real property in Scott County in the Scott County Clerk's office. Filing the judgment lien was an attempt to collect a debt form Ms. Stratton. Filing a judgment lien on a non-final judgment violates Kentucky law.

## JURISDICTION

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5.     Plaintiff Dede Stratton is a natural person who resides in Scott County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6.     Defendant J.C. Christensen & Associates, Inc. is a foreign corporation that has not registered with the Kentucky Secretary of State. JCC's principal place of business is located at 200 14th Ave E, Sartell, MN 56377.

7.     JCC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8.     Defendant LVNV Funding, LLC is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. LVNV's principal place of business is Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187. LVNV frequently purchases charged off credit-card debt, paying 4% to 5% of the face value of the debt at the date of sale.[1]

---

[1] Fair Trade Commission, *The Structure and Practices of the Debt Buying Industry* at 22, http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf (January 2013).

8. LVNV Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9. Defendant Somerhill Capital is an assumed name for Black Acre Enterprises, LLC, which is a Kentucky limited liability company with its principal place of business located at 11405 Park Road, Suite 200, P.O. Box 23200, Louisville, KY 40223-0200. Somerhill's principal purpose is the purchase and/or collection of debts.

10. Somerhill regularly purchases and/or collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I. Facts Relating to JCC and LVNV

11. In August 2006, Ms. Stratton opened a credit card account with RBS Citizens, N.A.

12. Ms. Stratton used her RBS Citizens credit card for personal and/or household purposes, making the RBS Citizens credit card account a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

13. Ms. Stratton fell on hard economic times and, as a result, Ms. Stratton unfortunately defaulted on her RBS Citizens credit card sometime in October 2008.

14. RBS Citizens charged off Ms. Stratton's credit card debt on or about March 28, 2009.

15. $11,150.00 was a face value amount due on the debt on the date of charge off.

16. LVNV purchased Ms. Stratton's charged-off credit card debt from RBS Citizens on or about December 1, 2010.

17. On December 9, 2013, JCC sent Ms. Stratton a dunning letter on behalf of LVNV.

18. The December 9th dunning letter was an attempt to collect from Ms. Stratton the charged-off RBS Citizens debt on behalf of LVNV. The December 9th dunning letter was an attempt to collect a "debt" from Ms. Stratton within the meaning of the FDCPA.

19. In the December 9th dunning letter, JCC falsely represented that $13,087.00 was the amount due on the debt. This representation is false because the amount demanded in the letter is $1,894.65 more than was in fact due and owing on the RBS Citizens debt.

20. In the December 9th dunning letter, JCC falsely represented that Ms. Stratton's RBS Citizens debt was a "pre-legal" collection account that was eligible for "potential legal action." These representations were false because the statute of limitation is a complete defense to any

lawsuit based on the RBS Citizens debt.

21. Upon information and belief, JCC's December 9th dunning letter was JCC's initial communication with Ms. Stratton within the meaning of the FDCPA. 15 U.S.C. § 1692g.

22. JCC's December 9th dunning letter does not contain the information required by 15 U.S.C. § 1692g.

23. On December 12, 2013, undersigned counsel sent both JCC and LVNV a timely debt-dispute-and validation letter under 15 U.S.C. § 1692g(b).

24. As of the date of filing this complaint, neither JCC nor LVNV has responded to the debt-dispute-and validation letter.

25. On January 16, 2014, Ms. Stratton requested, obtained, and reviewed a copy of her consumer credit report from Experian Information Solutions, Inc.

26. Ms. Stratton's Experian consumer credit report reveals that LVNV is furnishing false credit information about Ms. Stratton and the RBS Citizens debt.

27. LVNV furnished negative credit information concerning Ms. Stratton and the RBS Citizens debt for purposes of collecting a debt from her. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

28. The negative credit information furnished by LVNV was false because it represented that $13,087.00 was the amount due on the debt, or $1,937.00 more than was in fact due and owing on the RBS Citizens debt.

29. JCC's and LVNV's false threats to sue Ms. Stratton to collect a time-barred debt from Ms. Stratton have caused her a great deal of stress and anxiety.

**II.    Facts Relating to Somerhill Capital**

30. On March 22, 2012, Somerhill filed suit against Ms. Stratton in Scott District Court in Case No. 12-C-00225.

31. Somerhill's complaint was an attempt to collect a charged-off credit card debt that originally issued by Chase Bank U.S.A., N.A. ("Chase").

32. Ms. Stratton used the Chase credit card for personal and/or household purposes, making Somerhill's state-court complaint an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

33. On January 13, 2014, Somerhill moved for summary judgment against Ms. Stratton, without giving undersigned counsel of record in the case notice of the motion.

34.     The Scott District Court granted Somerhill's motion for summary judgment on March 3, 2014.

35.     Three days later on March 6, 2014, Ms. Stratton moved under CR 59.05 to vacate the judgment.

36.     Somerhill responded to Ms. Stratton's CR 59.05 motion to vacate on March 14, 2014.

37.     On March 19, 2014, Somerhill filed a judgment lien on Ms. Stratton's real estate in the Scott County District Court Clerk's office.

38.     Somerhill caused the judgment lien to be issued against Ms. Stratton for the purpose of collecting a "debt" from her within the meaning of the FDCPA.

39.     Somerhill filed the judgment lien contrary to Kentucky law by filing the judgment lien on a non-final judgment.

40.     The Scott District Court granted Ms. Stratton's motion to vacate Somerhill's summary judgment on April 7, 2014.

41.     Upon information and belief, Somerhill's judgment lien is still in place and had not been released as of the date of filing this complaint.

42.     After the Scott County District Court vacated the summary judgment against Ms. Stratton, Somerhill no longer had any possible legal basis to maintain the judgment lien against Ms. Stratton.

43.     The filing and existence of the judgment lien on Ms. Stratton's property has caused her a great deal of stress and anxiety.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

**I.      Claims against JCC**

44.     The foregoing acts and omissions of J.C. Christensen & Associates, Inc. ("JCC") constitute violations of the FDCPA, including, but not limited to:

   **(a)** Violation of 15 U.S.C. § 1692f(1): JCC attempted to collect a debt that is not permitted by contract or law by, including but not limited to:

      (i)     sending Ms. Stratton a dunning letter that demanded payment of $1,894.65 more than was in fact due and owing on the RBS Citizens debt;

   **(b)** Violation of 15 U.S.C. § 1692e(2)(A): JCC falsely represented the character,

amount, and/or legal status of the debt by, including but not limited to:

>   (i) sending Ms. Stratton a dunning letter that falsely represented that $13,087.00 was the current amount due on the RBS Citizens debt;

**(c)** Violation of 15 U.S.C. § 1692e(5): JCC threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to:

>   (i) attempting to collect $1,894.65 more than was in fact due and owing on the RBS Citizens debt, which amount included added accrued interest and/or fees that JCC had no legal right to collect from Ms. Stratton; and

>   (ii) falsely threatening to refer the LVNV/RBS Citizens debt to local counsel for legal action against Ms. Stratton for purposes of collecting the RBS Citizens debt from her, *i.e.* JCC threatened to sue Ms. Stratton to collect a time-barred debt; and

**(d)** Violation of 15 U.S.C. § 1692g: JCC's initial communication did not include all of the information required by 15 U.S.C. § 1692g(1-5).

## II. Claims against LVNV

45. The foregoing acts and omissions of LVNV Funding, LLC ("LVNV") constitute violations of the FDCPA, including, but not limited to:

**(a)** Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect a debt that is not permitted by contract or law by, including but not limited to:

>   (i) falsely reporting an inflated amount due on Ms. Stratton's to the three major consumer credit reporting agencies;

>   (ii) attempting to collect almost $2,000.00 in unauthorized accrued interest or fees more from Ms. Stratton than was in fact due and owing on the RBS Citizens debt;

**(b)** Violation of 15 U.S.C. § 1692e(2)(A): LVNV falsely representing the character, amount, and/or legal status of the debt by, including but not limited to:

>   (i) falsely reporting an inflated amount due on Ms. Stratton's to the three major consumer credit reporting agencies that included added accrued interest on the RBS Citizens debt that LVNV had no legal right to recover from her;

**(c)** Violation of 15 U.S.C. § 1692e(5): LVNV threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not

limited to:

>(i) falsely reporting an inflated amount due on Ms. Stratton's to the three major consumer credit reporting agencies that included added accrued interest on the RBS Citizens debt that LVNV had no legal right to recover from her;
>
>(ii) falsely threatening to refer the RBS Citizens debt to local counsel for legal action against Ms. Stratton for purposes of collecting the RBS Citizens debt from her, *i.e.* LVNV threatened to sue Ms. Stratton to collect a time-barred debt;

**(d)** Violation of 15 U.S.C. § 1692e(8): LVNV furnished false negative credit information concerning Ms. Stratton and the RBS Citizens debt to one more consumer reporting agencies that included added accrued interest or fees that LVNV had no legal right to collect from Ms. Stratton; and

**(e)** Violation of 15 U.S.C. § 1692g: LVNV continued debt collection activities against Ms. Stratton (LVNV continued to furnish false negative credit information concerning the debt to one more consumer reporting agencies) after receiving Ms. Stratton's timely debt-dispute-and-validation letter without first verifying the debt.

### III. Claims against Somerhill Capital

46. The foregoing acts and omissions of Somerhill Capital ("Somerhill") constitute violations of the FDCPA, including, but not limited to:

>Violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f: Somerhill filed a judgment lien on a non-final judgment on Ms. Stratton's real property contrary to Kentucky law and failed to release the judgment lien on Ms. Stratton's property after the Scott District Court set aside the summary judgment against Ms. Stratton, and by permitting the judgment lien in place which in turn resulted in negative information to be reported on Ms. Stratton's credit reports.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dede Stratton requests the Court grant her relief as follows:

a. Award Plaintiff actual damages against each Defendant;

b. Award Plaintiff maximum statutory damages against each Defendant;

c. Award Plaintiff reasonable attorney's fees and costs;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
(502) 473-6525
Email: james@kyclc.com